UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RICHARD PRICE,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVE WHITE, et al.,<br><br>        Defendants. | No.  2:22-cv-0745 WBS AC P<br><br><br>ORDER |

Plaintiff, a county prisoner proceeding pro se with a civil rights action, has filed a second request for the appointment of counsel.  ECF No. 13.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

1

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

As in his original request, plaintiff seeks appointment of counsel on the grounds that he is indigent, his ability to litigate is limited by his incarceration, the issues are complex, he has limited access to the law library and limited legal knowledge, and counsel would better enable him to proceed at trial.  ECF No. 9.  As the court previously advised, these circumstances are common to most prisoners and do not warrant appointment of counsel.  Moreover, plaintiff cannot establish a likelihood of success on the merits in light of the pending recommendation that this action be dismissed for failure to state a claim.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 13) is DENIED.

DATED: June 2, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE